IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

GEORGE STREATER,

    Plaintiff,

v.                                          Case No. 2:18-cv-00986

SOUTH CENTRAL REGIONAL JAIL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636. For reasons appearing to the court, the referral of this matter to the Magistrate Judge is **WITHDRAWN** and, as further stated here, this matter is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I.    Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders and, unless otherwise ordered, such dismissal is considered to be on the merits. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is

appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

## II. Procedural History

Plaintiff filed his initial complaint in this matter on June 1, 2018, alleging a claim concerning denial of appropriate medical treatment for a broken foot while he was incarcerated at the South Central Regional Jail ("SCRJ"). The initial complaint named the SCRJ, which is not a suable entity, as the only defendant. [ECF No. 1].

On October 23, 2018, United States Magistrate Judge Dwane L. Tinsley ordered Plaintiff to file a new Application to Proceed Without Prepayment of Fees and Costs ("Application") by November 12, 2018, because he failed to have the section concerning his inmate account information completed by the appropriate prison official and had subsequently been transferred to another prison facility. [ECF No. 11]. Judge Tinsley's order further advised Plaintiff that his complaint, as pled, failed to state a claim upon which relief can be granted, notified him of the pleading requirements and ordered him to file an amended complaint, also by November 12,

2018. [*Id.*] Plaintiff failed to file either document by that date. Thus, on November 28, 2018, Judge Tinsley submitted a Proposed Findings and Recommendation ("PF&R") recommending that this civil action be dismissed under Fed. R. Civ. P. Rule 41(b) for failure to prosecute. [ECF No. 12].

However, on December 12, 2018, Plaintiff filed a letter-form motion for extension of time to comply with the court's order due to being housed in segregation and the loss of his legal paperwork during his transfer to another facility. [ECF No. 13]. On December 27, 2018, I declined to adopt Judge Tinsley's PF&R, granted Plaintiff's motion for extension of time, and gave Plaintiff 21 days to file his amended complaint and a new Application. [ECF No. 14]. My order repeated the pleading requirements for Plaintiff's amended complaint and directed the Clerk to provide Plaintiff with copies of his prior filings. [*Id.*]

On January 9, 2019, Plaintiff filed a new Application form [ECF No. 15] and an Authorization to Release Institutional Account Information [ECF No. 16]. However, Plaintiff never filed an amended complaint as ordered. Moreover, he has failed to communicate in any way with the court concerning this matter since January 9, 2019.[1]

III. Discussion

Plaintiff has twice failed to comply with this court's order to file an amended complaint, despite being given a second opportunity and specific instructions to do so,

---

[1] Plaintiff's name does not appear on the West Virginia Division of Corrections and Rehabilitation's websites; thus, it appears that he has been release from custody without providing the court with any updated contact information and his current whereabouts are unknown.

3

and he further failed to update his contact information upon his apparent release from prison. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff, who has been repeatedly dilatory, and dismissal of this civil action appears to be the only appropriate sanction.

IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that this civil action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Plaintiff's pending Applications to Proceed Without Prepayment of Fees and Costs [ECF Nos. 2 and 15] are **DENIED AS MOOT**.

The Clerk is directed to file this Memorandum Opinion and Order and to transmit a copy to counsel of record and any unrepresented party.

ENTER: June 28, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE